## No. 607

### First Circuit

___

## WALLER v. HUTCHINSON

___

(March 5, 1930.  Opinion and Decree.)

___

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

MOUTON, J. A collision occurred on a highway in the parish of Tangipahoa between a Chevrolet touring car plaintiff was driving and a Ford which was being driven by defendant. Plaintiff was going westward and defendant eastward. The accident occurred early in the morning about 8 or 9 o'clock in May, 1929. The highway was wide enough where the cars collided for the passage of three cars at the same time.

The record shows there is a curve in the road where the accident happened, not extremely sharp, merely an average curve. Plaintiff says he was on the north side of the road, his side, going westward, when his car was run into by defendant's Ford. He is certain that he was not in the middle, and testifies that the injury to his car was on its left side.

W. G. Eris, who repaired plaintiff's car, testifies it was struck on the left side, that the front fender was smashed and the radiator bent over to the side. Several witnesses saw the position of the two cars immediately after the accident, most of whom testified that plaintiff's car was, at that time, on the north side of the roadway.

Robert Travis, witness for plaintiff, says he was talking with Uncle Williams somewhere near the place when the cars came together. He says plaintiff was coming from Tangipahoa, which the record shows is situated east from the spot where the accident happened. He testifies that plaintiff was driving about three feet from the ditch on his right-hand side of the road; that defendant was coming on the left-hand side. He thereafter explains in his testimony that he (witness) was coming into the road, that defendant hollered at him, and swung his car over to the other side of the road. His testimony is that it was a very foggy morning, that the windshields of the autos were heavy with dew, and that he is certain defendant had not seen plaintiff when he swung his car across the road a little too far, thus coming in contact with plaintiff's car.

W. T. Phillips testifies that after the accident he had at his house a conversation with defendant in reference to the occurrence. He says he told defendant that he "was bound to have been looking at Bob (meaning Robert Travis who was coming towards the highway) to have caused you to run into him like that"; and that defendant answered, "I was."

Williams, another witness, who was present at the conversation, confirms the statements so made by Phillips.

The evidence shows that either due to the condition of the windshield of the Ford defendant was driving, or to the fact that he was looking at Bob Travis who he thought was coming into the intersection, defendant did not see plaintiff's car on the north side, and ran into it causing the damages complained of.

Counsel for defendant refers to section 19 (b) of Act 296 of 1928, regulating traffic

on our highways, contending that under that section defendant was not at fault because he had moved around to the left of the road, and thereby getting on the wrong side.

. We find in section 20(b) not 19(b), the following:

"The driver of a vehicle approaching but not having entered an intersection shall yield the right-of-way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle, etc."

Undoubtedly counsel intended to refer to section 20(b), and through inadvertence cited the preceding section. The section above quoted requires the driver of a car approaching an intersection to yield the right of way to a vehicle or car that has entered or is within the intersection and to turn to his left across his own line of travel. The section so relied on by defendant's counsel does not apply to the facts of this case, as Bob Travis testifies he was coming towards the highway, on a lateral road, but that he had stopped still, and did not enter the highway, and was not within the intersection when defendant suddenly turned to his left and ran into plaintiff's auto. Even if defendant had been acting in obedience to a statutory requirement, his conduct would have been inexcusable, because, if he had been on the lookout, he would have seen or should have seen plaintiff's car on the other side of the roadway in time to have stopped his Ford before running across into the other car.

Defendant was clearly at fault, and was properly held in damages for the amount decreed by the district judge.

LECHE, J., not participating.